**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-5076**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

BONNIE J. KING, a/k/a Miss Bonnie,

                                    Defendant - Appellant.

        ─────────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr.,
District Judge.  (5:02-cr-00017-FPS-AL)

        ─────────────

Submitted:  March 28, 2007          Decided:  May 14, 2007

        ─────────────

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

        ─────────────

Affirmed by unpublished per curiam opinion.

        ─────────────

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West
Virginia, for Appellant.  Sharon L. Potter, United States Attorney,
Robert H. McWilliams, Jr., Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

        ─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bonnie J. King was arrested in 2001 and confessed to involvement with 113 grams of cocaine base. Pursuant to a plea agreement, King pled guilty to two counts - conspiracy to use a communication facility to commit a drug felony, in violation of 21 U.S.C. § 846 (1999) and use of a communication facility to commit a drug felony, in violation of 21 U.S.C. § 843(b) (1999). In August of 2001, King was sentenced to forty-eight months per count, to run consecutively, the maximum allowable under the statutes of conviction.

Following sentencing, King successfully petitioned the district court for a writ of habeas corpus. As a result of her successful petition, King's sentence was vacated. Prior to her resentencing, King submitted a motion for a sentence variance. King's basis for the variance was that her elderly mother was in dire need of a kidney transplant, and as her only living child, King could be determined to be a suitable donor.

On October 2, 2006, King appeared for resentencing. The purpose for this resentencing was, according to defense counsel, to reimpose the original sentence and thereby open King's ten-day window for appeal. The district court reinstated the original sentence, and King timely noted her appeal. On appeal, King alleges two errors. First, that the district court abused its discretion by not allowing King or her mother to testify at the

resentencing. Second, that the court's sentence was unreasonable in light of King's motion for a sentence variance. We are not persuaded by either of King's arguments and affirm for the reasons that follow.

When a party fails to object in the court below to a decision regarding the admission or exclusion of evidence, the standard of review on appeal is not abuse of discretion but plain error. United States v. France, 164 F.3d 203 (4th Cir. 1998). At King's resentencing, defense counsel did not call either King or her mother to testify. Rather, the record makes clear that at the resentencing King proceeded by way of proffer and the district court never prevented her from calling witnesses. Accordingly, we find no error, plain or otherwise, in the district court's failure to receive witness testimony at the resentencing hearing.

King's second alleged error is that her sentence was unreasonable in light of her variance motion. After United States v. Booker, this court reviews a sentence to determine whether it is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied 126 S. Ct. 2054 (2006). A sentence that falls within the properly calculated advisory guideline range is presumptively reasonable. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

A sentencing court may impose a variance sentence if the court determines that a sentence within the guidelines range does

not serve the factors in § 3553(a). <u>Moreland</u>, 437 F.3d at 432. To impose a variance sentence, the sentencing court must determine if an appropriate basis for departure exists based on the Guidelines Manual or relevant case law. <u>Id</u>. According to the Guidelines Manual, "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." USSG § 5H1.6 (2006).

King argues that the district court imposed an unreasonable sentence by not taking into account her extraordinary family circumstances. King's extraordinary circumstances were that her mother needs a kidney transplant, and as the only surviving child, King may, at some point, be determined to be a suitable donor.

Despite King's argument to the contrary, the district court considered in detail King's family circumstances in relation to the applicable law. The court determined that King's circumstances did not warrant a departure under § 5H1.6 of the guidelines. The court also determined that there were no factors under 18 U.S.C. § 3553(a) to support a sentence variance, particularly in light of the tenuous basis for King's variance motion. As the court pointed out, King had not yet been determined to be a qualified donor for her mother. Also, it was unknown whether King could receive a furlough in order to effectuate any transplant surgery. The court concluded by determining that the

original sentence would reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from further crime. Hence, King's second contention also lacks merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED